UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JANICE LEWIS,

                 Plaintiff,

  v.

MICHAEL J. ASTRUE, Commissioner of Social Security

                 Defendant.

Case No. C09-5073KLS

ORDER GRANTING PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL

This matter comes before the Court on plaintiff's filing of a written response (Dkt. #21-#22) to the Court's order to show cause (Dkt. #20) regarding her motion for voluntary dismissal of her complaint (Dkt. 18). After reviewing plaintiff's response and the remainder of the record, the Court hereby finds and orders as follows:

On September 4, 2009, plaintiff filed her motion for voluntary dismissal pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 41(a)(1)(i). (Dkt. #17). In its order to show cause, however, the Court noted that voluntary dismissal under Fed. R. Civ. P. 41(a)(1)(i) was not available, as defendant already had filed an answer to the complaint. See (Dkt. #10). The Court also noted that voluntary dismissal by stipulation of all the parties also was not available, as none had been obtained from defendant. See Fed. R. Civ. P. 41(a)(1)(ii). That left dismissal of the complaint "by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(2).

The Court found, though, that to determine whether such dismissal was proper in this case, a further response from plaintiff was required. Specifically, in her motion, plaintiff noted

ORDER - 1

that her attorney had received notice of the Appeals Council's decision denying her request for review late, but gave no explanation as to why a request for an extension of the time to file a civil action in federal court seeking judicial review was not filed until June 9, 2009, or some six months after the notice was actually received. Accordingly, the Court found that good cause for granting the request did not appear to exist.

The record also failed to indicate that the Commissioner had waived the required 60-day civil action filing deadline in this matter. See Johnson v. Shalala, 2 F.3d 918, 923 (9th Cir. 1993). There also did not appear to be any wrongful conduct on the part of defendant or extraordinary circumstances beyond plaintiff's control, indicating an inability on her part to file her motion for an extension with the Appeals Council earlier than she eventually did. See Stoll v. Runyon, 165 F.3d 1238, 1242 (9th Cir. 1999). The Court thus ordered plaintiff to file a written response, demonstrating the existence of waiver, good cause, wrongful conduct or extraordinary circumstances, or show cause why this matter should not be dismissed with prejudice pursuant to Fed. R. Civ. P. 41(a)(2).

On October 20, 2009, plaintiff filed a declaration of her attorney, in which her attorney stated the request was not submitted more promptly to the Appeals Council due to the unexpected death of her mother on February 20, 2009, and ensuing responsibilities she incurred as a result thereof over the following months. (Dkt. #21). In addition, the aunt of plaintiff's attorney died on April 20, 2009, also requiring the incurrence of subsequent responsibilities in regard to the aunt's funeral services and burial arrangements. (Dkt. #22).

While it still is not exactly clear why the request could not have been submitted during the two months that passed between the date plaintiff received the Appeal Council's denial of her request for review and the date the complaint was filed in this Court, given that defendant has not

ORDER - 2

raised any objections to voluntary dismissal of this matter without prejudice pursuant to Fed. R. Civ. P. 41(a)(2), plaintiff's motion shall be granted.

Accordingly, plaintiff's motion for voluntary dismissal of this action (Dkt. #18) hereby is GRANTED. This action is dismissed without prejudice pursuant to Fed. R. Civ. P. 41(a)(2).

The Clerk is directed to send a copy of this order to counsel for plaintiff and counsel for defendants.

DATED this 28th day of October, 2009.

Karen L. Strombom
United States Magistrate Judge

ORDER - 3